1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

WILLIAM G. MARTINEZ, *et al.*,

Plaintiffs,

v.

SAFEGUARD PROPERTIES, INC.,

Defendant.

CASE NO: 13-CV-0892 W (BLM)

**ORDER STRIKING PLAINTIFF'S OPPOSITION [DOC. 7] AND GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE [DOC. 3]**

On April 19, 2013, Defendant Safeguard Properties, Inc. ("Safeguard") filed a motion to transfer venue. (*Mot. Transfer Venue* [Doc. 3].)  The hearing for the motion was set for June 3, 2013.  (*Id.* at 1.)  Therefore, Plaintiffs' opposition was due no later than May 20, 2013.  S.D. Cal. Civ. R. 7.1(e.2).  However, Plaintiffs filed their opposition on May 28, 2013.  (*Opp'n* [Doc. 7.])  Because the opposition was untimely and filed without an accompanying motion for enlargement of time, and because Plaintiffs have made no showing of excusable neglect, the Court **STRIKES** the opposition.  See Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1519 (9th Cir. 1983).

The Court decides the matter on the papers submitted and without oral argument.  See S.D. Cal. Civ. R. 7.1(d.1).  For the following reasons, the Court **GRANTS** Safeguard's motion.

//

//

1  ## I.    BACKGROUND

2          This case centers on Safeguard's allegedly negligent conduct in connection with

3  a property located at 2120 Ramrod Avenue, #1111, Henderson, Nevada (the

4  "property").    (*Compl.* [Doc. 1-1] 2[1].)    According to the Plaintiffs, and belying

5  Defendant's name, "Safeguard. . .was negligent in safeguarding the property."  (*Id.*)

6  Allegedly, Safeguard negligently caused water damage to the property, which caused

7  damage to the property itself.  (*Id.*)    Plaintiff Susie Holmes, who lives immediately

8  above the property, also claims that the mold that grew in the apartment due to the

9  water damage made her sick.  (*Id.*)

10          On or about March 11, 2013, Plaintiffs commenced this suit for negligence

11  against Safeguard in the Superior Court of California, County of San Diego.  (See

12  *Compl.*)  On April 12, 2013, Safeguard removed the case to this Court.  (*Removal* [Doc.

13  1].)  Then, on April 19, 2013, Safeguard filed a motion to transfer venue to the United

14  States District Court for the District of Nevada.  (*Mot. Transfer Venue* 2,3.)  Plaintiffs

15  failed to timely oppose.

16

17  ## II.    LEGAL STANDARD

18          "For the convenience of parties and witnesses, in the interest of justice, a district

19  court may transfer a civil action to any other district or division where it might have

20  been brought."  28 U.S.C. § 1404.  Under § 1404(a), the district court has discretion

21  "to adjudicate motions to transfer according to an 'individualized, case-by-case

22  consideration of convenience and fairness.'" Jones v. GNC Franchising, Inc., 211 F.3d

23  495, 498 (9th Cir. 2000) (citing Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1998)).

24  In adjudicating such motions, the court weighs multiple factors to determine whether

25  transfer is appropriate, including "(1) the location where the relevant agreements were

26  negotiated and executed, (2) the state that is most familiar with the governing law, (3)

27  _____

28          [1] Plaintiff's Complaint is not consecutively paginated.  Therefore, the Court references
the Complaint with the page numbers assigned by the CM/ECF docketing system.

13cv0892w

the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." <u>Jones</u>, 211 F.3d at 498-99. "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." <u>Decker Coal Co. v. Commonwealth Edison Co.</u>, 805 F.2d 834, 841 (9th Cir. 1986).

III.   **DISCUSSION**

Here, Safeguard argues that "a transfer of venue is justified in the 'interest of justice.'" (*Mot. Transfer Venue* 4.)  In light of the following analysis, the Court finds that transfer is appropriate.

First, Safeguard's alleged negligence occurred in Nevada, which will require application of Nevada law. (*Compl.* 2.)   The district court in Nevada is much more "familiar with the governing law."  So this factor favors transfer.

Second, the parties have numerous contacts in Nevada: Plaintiff Holmes is a citizen of Nevada, Plaintiff Martinez owns the property in Nevada, Safeguard does business in Nevada.  (*Compl.* 2.)  Thus, this factor favors transfer.

Third, Plaintiff's have elected the Southern District of California as their forum. Thus, this factor cuts against transfer.

Fourth, Safeguard's alleged negligence is directly connected with the parties' contacts in Nevada.  (*Compl.* 2.)  Plaintiff Holmes is claiming injuries suffered in Nevada. (*Id.*)  Also, Plaintiff Martinez owns the property which is the subject of this litigation. (*Id.*)  Finally, Safeguard's acts and omissions in Nevada are being reviewed in this matter.  (*Id.*)  Thus, this factor favors transfer.

Fifth, a large number of the witnesses to be called, including the last contractors to inspect the property and provide plumbing services therein, are located in Nevada. (*Decl. Steve Meyer* [Doc 3-2] ¶¶ 9-12.)  Moreover, the property itself is located in

Nevada.  (*Compl.* 2.)  Also, in order to establish the alleged loss Plaintiff Martinez suffered, he will have to have the property inspected, which necessarily must occur in Nevada.  In addition, Plaintiff Holmes' doctors are most likely located in Nevada as well.  In short, the "sources of proof" in this matter are more easily accessed in Nevada.  So this factor favors transfer.

Sixth, Plaintiffs have not pled any "relevant agreements," so this factor is neutral.

Neither party has addressed the differences in costs of litigating this matter in each venue or the availability of compulsory process to compel the attendance of non-party witnesses.  Therefore, in light of Safeguard's burden of proof, these factors cut against transfer.

On balance, the Court finds transfer warranted.  All parties have significant and relevant contacts in Nevada, all of the witnesses identified by Safeguard are in Nevada, and the property is in Nevada.

## IV.  CONCLUSION

In light of the foregoing, this Court **GRANTS** Safeguard's motion to transfer venue, and **TRANSFERS** this matter to the United States District Court for the District of Nevada.  The clerk of the court shall close this case.

**IT IS SO ORDERED.**

DATED:  June 4, 2013

_____
Hon. Thomas J. Whelan
United States District Judge

13cv0892w