# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Susie K. Holmes,

    Plaintiff

    v.

Safeguard Properties, LLC,

    Defendant

Case No.: 2:13-cv-1012-JAD-NJK

**Order**
**Granting Summary Judgment (Doc. 31)**

    This case arises out of water damage to property in Henderson, Nevada, that allegedly occurred while defendant Safeguard Properties was hired to watch plaintiff William Martinez's housing unit.[1] Martinez resided in San Diego, California at the time; he initially filed this action in California state court.[2] The complaint was later amended to ass as a plaintiff Susie Holmes, who alleged that she lived above Mr. Martinez's property and that mold was growing in her unit.[3] Safeguard removed the case to the federal Southern District of California, and the case was transferred to the District of Nevada.[4] I subsequently approved Martinez's stipulation to dismiss

---

[1] Doc. 1-1 at 15 (complaint).

[2] *See id.*

[3] *See id.* at 26, 28; *see also* Doc. 7 at 3.

[4] Docs. 1, 10.

1

claims with prejudice.[5]  And while Holmes opposed the venue-change motion in the Southern District of California, she has filed nothing in the approximately 21 months since this case was transferred to Nevada.[6]  Discovery closed in April 2014 with no disclosures or discovery performed by Holmes.[7]

Safeguard filed a motion for summary judgment against Holmes on April 30, 2014, and followed with a notice of non-opposition on June 5, 2014.[8]  After carefully considering the record and law, I grant summary judgment in Safeguard's favor and order this case closed.[9]

## Discussion

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[10]  When considering summary judgment, the court views all facts and draws all inferences in

---

[5] Doc. 30.

[6] *See* Doc. 7 (motion opposing transfer filed by Martinez and Holmes); *see also* Doc. 10 (order transferring case on June 6, 2013).

[7] Doc. 31 at 6–7.

[8] Doc. 31 (motion for summary judgment); Doc. 32 (certificate of service for summary-judgment motion); Doc. 33 (notice of non-opposition to summary judgment).

[9] James Imperiale, Esq., who represented Holmes in California, has neither withdrawn as her counsel nor filed a pro hac vice petition.  He also has not filed anything on Holmes's behalf since this case transferred to the District of Nevada.  Regardless of whether she is actually represented, I therefore give Holmes the benefit of treating her as a pro se party.  Had she filed anything before me, I would have liberally construed her pro se submissions.  *See Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

Holmes was not provided with the notice required to pro se prisoners under *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).  The Ninth Circuit has expressly ruled that, when a non-prisoner, civil litigant appears pro se, "[t]he district court [is] not required to provide her with notice of summary judgment rules."  *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (citing *Jacobsen v. Filler*, 790 F.2d 1362, 1365–67 (9th Cir. 1986)).  Accordingly, even if Holmes is representing herself, it is appropriate for me to resolve this summary-judgment motion without first issuing a *Klingele* notice.

In addition, I find this motion appropriate for resolution without oral argument.  LR 78-2.

[10] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

2

the light most favorable to the nonmoving party.[11] If reasonable minds could differ on material facts, summary judgment is inappropriate because summary judgment's purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[12]

If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[13] The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"; she "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in her favor.[14] The court only considers properly authenticated, admissible evidence in deciding a motion for summary judgment.[15]

In this case, Holmes asserts a single claim for general negligence against Safeguard Properties.[16] Because I sit in diversity, the forum state's substantive law applies.[17] While "general negligence" is not a claim under Nevada law, negligence is. It requires that "(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach was the legal cause

---

[11] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[12] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[13] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[14] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson,* 477 U.S. at 248–49.

[15] Fed. R. Civ. P. 56(c); *Orr*, 285 F.3d at 773–74.

[16] *See* Doc. 1-1 at 2 (amended state-court complaint).

[17] "It is, of course, well established that in diversity actions a federal court must apply the substantive law of the state in which it sits." *Brennan v. Lermer Corp.*, 626 F. Supp. 926, 929 (N.D. Cal. 1986) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)); *see also Jacobs v. CBS Broad., Inc.*, 291 F.3d 1173, 1177 (9th Cir. 2002) (quoting *Priest v. Am. Smelting & Ref. Co.*, 409 F.2d 1229, 1231 (9th Cir. 1969) ("Since federal jurisdiction in this case is based upon diversity of citizenship, the district court and this court must apply the substantive law of the forum state.")).

of the plaintiff's injuries, and (4) the plaintiff suffered damages."[18]  For Safeguard to establish that it deserves judgment as a matter of law, at least one negligence element must be negated.[19]  The only exhibits that Holmes has offered are the documents attached to her complaint, not one of which demonstrates that Safeguard owed or breached a duty in any way.[20]  Not one demonstrates that Safeguard caused damage to her property, as Safeguard argues in its summary-judgment motion.[21]  And as Safeguard further argues, not one exhibit establishes what damages, if any, Holmes suffered as a result of Safeguard's misconduct.[22]  Indeed, none of it helps Holmes because it all pertains to Martinez's property.  In short, Safeguard has demonstrated that the record is devoid of any evidence to support Holmes's negligence claim against it, thus satisfying its burden.  Perhaps this is the natural consequences of Holmes's failure to engage in any discovery or provide the disclosures required of civil litigants by Federal Rule of Civil Procedure 26.  Regardless, the burden shifted, Holmes failed to satisfy it, and summary judgment in Safeguard's favor is now warranted.

. . .

. . .

. . .

---

[18] *Sadler v. PacifiCare of Nev.*, 340 P.3d 1264, 1267 (Nev. 2014) (quoting *DeBoer v. Sr. Bridges of Sparks Fam. Hosp.*, 282 P.3d 727, 732 (Nev. 2012)) (internal quotation marks omitted).

[19] *See Foster v. Costco Wholesale Corp.*, 291 P.3d 150, 153 (Nev. 2012) (citing *Harrington v. Syufy Enters.*, 931 P.2d 1378, 1380 (Nev. 1997)).

[20] *See generally* Doc. 1-1.

[21] *See* Doc. 31 at 6–7.

[22] *Id.* at 7.

**Conclusion**

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that defendant Safeguard Properties, Inc.'s, motion for summary judgment **[Doc. 31]** is **GRANTED**, and judgment is entered in favor of Safeguard and against Holmes.

As the entry of judgment on Holmes's claims terminates this suit, the Clerk of Court is instructed to **CLOSE** this case.

DATED March 3, 2015.

_____
Jennifer A. Dorsey
United States District Judge

5